SUSAN H. HOLT, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF FRANK HOLT, DECEASED, PLAINTIFF IN ERROR, v. JOHN N. AKARMAN, DEFENDANT IN ERROR.

Submitted June 25, 1912—Decided March 3, 1913.

1. The promise of an adjudicated bankrupt that "just as soon as my counsel tells me my case is all cleared up, I will place a policy * * * on my life in your favor, and as soon as I can get back in harness again will do all I can to pay you," is not an absolute promise to pay.

2. The expression of intention to do a thing is not a promise to do it. An "intention" is but a promise a man forms in his own mind; a "promise" is an express understanding or agreement to carry the purpose into effect.

3. At common law a verbal promise to pay by a bankrupt after his adjudication, whether made before or after his discharge, was effectual and revived the debt.

4. Since there is no provision in the United States Bankrupt act, July 1st, 1898, c. 541, 30 *Stat.* 544 (*U. S. Comp. Stat.* 1901, *p.* 3418), as to the revival of debts discharged by bankruptcy, as contained in the bankrupt acts of England, the matter in this regard is left wholly to state legislation.

5. Under the eighth section of an act entitled "An act for the prevention of frauds and perjuries" (*Comp. Stat., p.* 2616), pro-

viding that no action shall be maintained against a person who has been discharged as a bankrupt under the laws of the United States upon any promise made after such discharge, to pay any debt or demand from which he was or shall be released by such discharge unless in writing, &c., and in view of the Bankrupt act of the United States providing that a discharge in bankruptcy shall release a bankrupt of all his provable debts, a promise by a bankrupt to pay a debt made between the adjudication and his discharge is ineffectual to revive the debt.

6. Where the legislative intent was to deal with all the phases germane to the subject-matter of the act, due regard must be had to the old law, the mischief resulting therefrom, and the enacted legislative remedy for the eradication of the evil.

On error to the Supreme Court. Essex Circuit Court.

For the plaintiff in error, *Lum, Tamblyn & Colyer*.

For the defendant in error, *Bourgeois & Coulomb*.

The opinion of the court was delivered by

KALISCH, J. The writ of error brings under review a judgment of nonsuit granted by the trial judge of the Essex County Circuit Court sitting without a jury.

The plaintiff brought her action against the defendant to recover $2,500 upon a promissory note made and given by the defendant to the plaintiff's testator and in the payment of which the defendant made default. The defendant besides pleading the general issue, pleaded in bar of the plaintiff's action, that before the commencement of her suit he, the defendant, had been adjudicated an involuntary bankrupt, and that the claim of the plaintiff's testator was duly scheduled by him and his certificate of discharge in bankruptcy. The plaintiff's replication to this plea was to the effect that after the defendant became and was a bankrupt, and was discharged, the defendant, in writing signed by him, promised to pay to the plaintiff's testator the amount of said promissory note. At the trial the plaintiff was permitted, without objection, to amend his replication by adding thereto the allegation that after the defendant's adjudication, but before his discharge, he likewise promised to pay the plaintiff's testator the amount

of said promissory note.  The plaintiff then produced and offered in evidence two letters written by the defendant to the plaintiff's testator, one between the date of the adjudication and discharge, and the other after the granting of the certificate of discharge to the defendant, in both of which letters it was contended by the plaintiff the defendant had promised the plaintiff's testator to pay the debt represented by the promissory note.  To the offer of the letter in evidence, written by the defendant between the adjudication and defendant's discharge, the defendant objected, but the court admitted it subject to the objection made and reserving the determination of its competency and effect.  Both sides having rested, Judge Adams held that by virtue of section 8 of an act entitled "An act concerning frauds and perjuries" (*Comp. Stat., p.* 2616), the promise in writing in order to be effectual must be made after the granting of the discharge, and hence excluded from consideration the letter objected to, and further held that the letter written by the defendant after his discharge did not contain an absolute promise to pay.  The result reached by the learned trial judge was correct.  That part of the letter relied on by the plaintiff in error, as containing the promise to pay, reads: "Just as soon as my counsel tells me my case is all cleaned up I will place a policy of $2,500 on my life in your favor, and as soon as I can get back in harness again will do all I can to pay you up.  In the meantime I beg of you to be patient."  Giving to the language used the broadest meaning it obviously falls short of expressing an absolute promise to pay.  The force of it is to convey the writer's intention some time in the future to enter into an obligation to pay the debt, but even that intention is made contingent upon the happening or non-happening of certain events. "The expression of intention to do a thing is not a promise to do it.  An intention is but the purpose a man forms in his own mind; a promise is an express undertaking, or agreement to carry the purpose into effect."  *Stewart* v. *Reckless,* 4 *Zab.* 430.

In *Whyte* v. *McGovern,* 22 *Vroom* 356, Mr. Justice Depue said: "Nothing less than an express promise to pay can renew

or revive the bankrupt's liability, and, by statute, the promise must be put in writing and signed by the party to be charged therewith." "The liability of a bankrupt for a debt from which he has been discharged cannot be renewed by implication." *Colton* v. *Depew*, 15 *Dick. Ch. Rep.* 454.

In *Kirkpatrick* v. *Tattersall*, 13 *Mees. & W.* 766, Baron Parke, in commenting upon the nature of a binding promise made by a bankrupt (at *p.* 769), says: "But then the promise must be one which binds the bankrupt *personally* to pay, notwithstanding his certificate; it must be a promise that he, and not his estate, would pay; for the mere acknowledgment of a debt, though implying a promise to pay, would amount to no more than an account stated, and, though in writing, would be a promise which the certificate would bar." And (at *p.* 770) the learned baron further says: "The only remaining question is, whether this promise is distinct and unequivocal, binding the bankrupt personally to pay, notwithstanding the certificate, and is so expressed in the agreement."

This appears to be the leading case on this subject in England, and it has been generally followed by the courts of this country. It is true that in that case the written promise was made three days before the granting of the certificate of discharge, and therefore it has been indiscriminately cited to support the contention that a written promise made between the date of the adjudication and the date of discharge is as effectual as if made after the discharge. Undoubtedly, the case so holds. But the reason for this is to be found in the statute which underlies it. We are thus brought to a consideration of the legality of the action of the trial judge in excluding the letter containing the alleged promise to pay sent by the defendant after his adjudication and before his discharge to the testator of the plaintiff in error.

At common law a verbal promise to pay by a bankrupt after his adjudication, whether made before or after his discharge, was effectual and revived the debt. And this continued to be so until the enactment of the Bankrupt act. 6 *Geo. IV., c.* 16; 4 *Ev. Stat.* 454. The one hundred and thirty-first section of this act provides: "That no bankrupt after his certificate

shall have been allowed under any present or future commission shall be liable to pay or satisfy any debt, claim or demand, upon any contract, promise or agreement made or to be made after the *suing* out of the commission unless such promise, contract or agreement be made in writing, signed by the bankrupt, or by some person thereto lawfully authorized."

It is obvious that this statute expressly sanctions the making of such promise, contract or agreement before the granting of the certificate. Its effect was to require a more solemn act than a mere verbal promise. It left the common law unaltered, in so far as to permit such promise, contract or agreement to be made before the granting of the certificate, but required that the evidence of such promise, contract or agreement be in writing, signed by the bankrupt or his authorized agent. Bearing this in mind, it at once becomes clear why Baron Parke, in *Kirkpatrick* v. *Tattersall, supra,* said that it was immaterial whether the promise was made before or after the granting of the certificate, it was effective so long as it was a written express promise to pay, notwithstanding the granting of the certificate.

It also must not be overlooked that the English statute was a part of the Bankrupt act and is regulatory in its nature regarding the *status* of the bankrupt after adjudication and the conditions under which he may incur liability for a debt provable under the act after adjudication and after discharge.

There is no such provision in the United States Bankrupt act of 1898. In the United States the matter in this regard is left wholly to state legislation.

The seventeenth section of the Bankrupt act provides: "A discharge in bankruptcy shall release a bankrupt of all his provable debts.  *  *  *  It is undisputed in the case under consideration that the debt sued for was one which was released by the discharge in bankruptcy. The only remaining question, therefore, is whether a promise to pay made by a bankrupt before discharge is effectual to revive the debt, released by the discharge.

The eighth section of an act entitled "An act for the prevention of frauds and perjuries" provides: "That no action shall

be maintained against any person who may have been discharged as a bankrupt under the laws of the United States, upon any promise made after such discharge, to pay any debt or demand from which he was or shall be released by such discharge unless such promise be put in writing and be signed by the party to be charged therewith."

The argument of counsel for plaintiff in error, in substance, is that the statute has no application to a promise to pay a debt made by a bankrupt after adjudication and before discharge, and that therefore the rule laid down in Kirkpatrick v. Tattersall is applicable. The statute upon which the decision in that case turned bears no analogy to the one now under consideration.

It is true that our statute does not in express terms exclude a promise to pay either verbal or written made by the bankrupt between the adjudication and discharge from being effectual, but it is clearly within the letter and spirit of it, that any promise made by the bankrupt to pay a debt or demand discharged by the certificate of discharge, in order to be effectual must be in writing and made after such discharge. Under the Bankrupt law of the United States the effect of a discharge is to release the bankrupt from a payment of all provable debts against him at the time of the adjudication. The bankrupt is not released from the payment of his debts until he has obtained his discharge. If he should be refused a discharge there is no legal obstacle in the way of a creditor to reduce his debt or demand into a judgment. The subject-matter of the statute is a promise to pay a debt or demand by a bankrupt from which he was or shall be released by a certificate of discharge, and, as has been before observed, a discharge releases the bankrupt from all debts or demands provable against his estate at the time of adjudication, consequently, the only reasonable construction to be given to the act is that it precludes a bankrupt from making any effectual promise to pay a debt or demand provable against his estate before his discharge.

It has not only been insisted by counsel for plaintiff in error that the statute is not applicable to a promise to pay,

made by a bankrupt before his discharge, but that such a promise governed by the common law rule need not be in writing. To support this position, *In re Elkings, 6 Fed. Rep.* 170, is cited, in which case Judge Nixon (at *p.* 175), in commenting upon this statute, says that the statute is limited in terms to promises made after the discharge. But this was mere *dictum.* The real point decided was that a promise made by a bankrupt to pay his creditor all he ever owed when he was able upon condition that he would assent to his discharge, constitutes a promise of a pecuniary consideration sufficient to defeat the right of the bankrupt to a discharge.

The very fact that such a construction of the statute as contended for by the plaintiff in error would make a verbal promise to pay by a bankrupt before his discharge sufficient to revive a debt from which he has been discharged, viewed in the light of the purpose which brought the statute into being, proves the utter fallacy of the contention.

The object of the statute is to prevent frauds and perjuries. The legislative intent was to deal with all the phases germane to the subject-matter of the act. To comprehend the full force and scope of it, due regard must be had to the old law, the mischief resulting therefrom and the enacted legislative remedy for the eradication of the evil. The fact that an oral promise to pay was sufficient to revive a debt discharged by a court of bankruptcy led, and had a tendency to lead, persons who were the owners of such barred claims to attempt to enforce them by setting up in each instance an oral promise made by the debtor to pay the debt. To remedy this mischief the eighth section of the act relating to "frauds and perjuries" was brought into life. This section first appears in the Revision of 1877. It required that the promise to pay should be in writing. It further required that the promise, to be efficacious, must be made after the discharge had been granted. It would border upon the absurd to so construe this section that a promise made by a bankrupt to pay a debt provable and proven in the bankruptcy court before his discharge, whether verbally or in writing, will revive the debt discharged, and this even though the promise to pay be made a

day before the granting of the discharge; and yet if such promise to pay is made after the granting of the discharge, it must be in writing in order to be effectual.

(1) If a verbal promise to pay will suffice to revive a debt, so long as it is made before the granting of the discharge, then the very object which brought this section into being will be frustrated.

(2) It is not to be presumed that the legislature ever intended to exempt a promise made by a bankrupt to pay a debt before his discharge, even though such promise be in writing, from the general interdictory ban of the statute prohibiting any action being brought against any person who may have been discharged as a bankrupt under the laws of the United States upon any promise made after such discharge to pay any debt or demand from which he was or shall be released by such discharge, unless such promise be put in writing, &c. It was fairly within the contemplation of the legislature to include within the prohibitory terms of the act that any promise made by the bankrupt between the filing of the petition and the granting of the discharge, without regard to whether such promise was in writing or not, should be ineffectual. For, as has already been observed, any other construction would put verbal promises before the discharge upon the same level with written ones, and the very mischief which the statute designed to prevent would be aggravated instead of abated. The effect of the construction upon the act contended for by the plaintiff in error would have a tendency to promote fraud and perjury, which the spirit of the act designs to prevent. The gist of the statute is to prevent actions being brought against any person who has been discharged as a bankrupt under the laws of the United States, unless after the discharge has been granted the discharged bankrupt made a promise in writing to pay a debt from which he has been released by such discharge.

When it is further considered that the effect of a discharge in bankruptcy is to release all debts provable and established under the Bankruptcy act against the bankrupt's estate, owing by the bankrupt at the time of his being adjudicated a bank-

rupt, it precludes any reasonable theory that the legislature intended to exclude from its general design, which was to prevent fraud and perjury, any promise to pay, made by the bankrupt verbally or in writing, a provable debt against his estate, before the granting of such discharge, and to permit such a promise to be actionable. This interpretation of the true meaning of the statute is in accord with the reasoning of this court, in an opinion by Mr. Justice Dixon, in *Winans* v. *Luppie,* 2 *Dick. Ch. Rep.* 304.

It has been argued that so long as the promise is in writing it becomes immaterial whether it was made by the bankrupt before or after his discharge.

The declared policy of the legislature as expressed in the act is that the promise in writing in order to be effectual must be made after the discharge. This declared policy of the legislature is evidently founded upon substantial legal and moral grounds. One of the principal designs of the Bankrupt act is to secure to the creditors of the bankrupt equality in the division of the bankrupt's estate. This distribution of the assets of the bankrupt's estate should not be subject to be disturbed by arrangements made between the bankrupt and favored creditors, by which creditors may receive preferences or the bankrupt receive aid from creditors, in return for promises made by him, the bankrupt, to pay the debts or debt, if proved against him, notwithstanding his discharge, as for instance, that his application for discharge be not opposed. Public policy, and the highest moral considerations, demand that the promise of the bankrupt to pay should be a voluntary act and not made under the stress of fear of having the application for his discharge opposed or as the result of a bargain by which one creditor is to receive an advantage over another, and therefore the legislature very wisely provided that the promise to be effectual, not only must be in writing, but must be made after the discharge.

The plaintiff having failed to establish an express promise, in writing, to pay the promissory note made by the bankrupt after the granting of the certificate of discharge, the trial judge was warranted in granting the nonsuit.

Judgment will be affirmed.

*For· affirmance—*THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ.   13.

*For reversal*—None.