JEAN T. DINGER, RECEIVER OF THE WESTMONT NATIONAL BANK, AN INSOLVENT INSTITUTION, PLAINTIFF, v. JULIA M. ROTHERY AND GEORGE A. ROTHERY, DEFENDANTS.

Decided July 26, 1932.

For the plaintiff, *Albert S. Woodruff*.

For the defendants, *Patrick H. Harding*.

ELDREDGE, C. C. J. This matter comes before the court on motion to strike an answer, and is submitted upon the following stipulation:

"Suit was instituted by plaintiff against defendants on a certain promissory note, given by the defendants Julia M. Rothery and George A. Rothery, to the Westmont National Bank, on July 27th, 1931, of which the following is a true copy of said note upon which suit was instituted:

$1,450.00 · · Westmont, N. J., July 27th, 1931.
......three months......after date, I, we, each or either of us, promise to pay to the order of......ourselves......at
WESTMONT NATIONAL BANK
Westmont, N. J.
Fourteen hundred fifty and no/100...............dollars together with all costs and an attorney's collection fee of ten per cent. should it become necessary to collect the amount due hereon by or through the services of an attorney or legal process.

Value received, without defalcation, or discount.
No. 4854        due 10-27-31.

> Julia M. Rothery,
> George A. Rothery,
> 277 Harrison Avenue,
> Jersey City, N. J.

Endorsed,
>    Julia M. Rothery,
>    George A. Rothery."

Subsequent to the giving of said note, the said Westmont National Bank was declared insolvent and Jean T. Dinger appointed receiver of said insolvent institution by the comptroller of the currency of the United States. By authority of said appointment said Jean T. Dinger, as receiver, instituted suit upon said note then in the possession of the Westmont National Bank.

Defendants Julia M. Rothery and George A. Rothery filed their petitions on or about August 8th, 1929, for adjudication in bankruptcy in the United States District Court for the district of New Jersey, and at the time of the filing of said petitions said defendants were indebted to the Westmont National Bank. Julia M. Rothery and George A. Rothery listed, in their schedules, the debt then due and owing the Westmont National Bank. On October 28th, 1929, said defendants were discharged in bankruptcy from their debt, by the United States District Court for the district of New Jersey.

Subsequent to the entering of said discharge in bankruptcy the defendants made and delivered the note upon which suit was instituted.

The only question in dispute is whether the promissory note given by defendants to the Westmont National Bank, for a debt barred by a discharge under the bankrupt laws, is a valid promise upon which the present suit can be maintained.

We think that the question submitted must be answered in the affirmative. As far back as 1846, in the case of *Briggs and Ely* v. *Sutton*, 20 N. J. L. 581, the court, referring to obligations of this kind, said:

"The ordinary cases are debts barred by the statute of limitations, debts incurred by infants and debts of bankrupts * * *. Express promises founded on such pre-existing equitable obligation may doubtless be enforced; there is a good consideration for them; they merely remove an impediment created by law to the recovery of debts honestly due, but which public policy protects the debtors from being compelled to pay * * *. Not the weight only, but the whole current of authority sustains the consideration of an express promise by a bankrupt to pay a prior debt from which he has been discharged by bankruptcy, when the promise has been distinct and unequivocal."

To the same effect see *Christie* v. *Bridgman,* 51 *N. J. Eq.* 331; 30 *Atl. Rep.* 429, in which case Vice-Chancellor Green said:

"A note given by a discharged bankrupt to his former creditor for the original indebtedness is held to be on sufficient consideration and enforceable."

This principle finds recognition in our statute of frauds and perjuries, section 8 (*Comp. Stat., p.* 2616), which provides:

"That no action shall be maintained against any person who may have been discharged as a bankrupt under the laws of the United States, upon any promise, made after such discharge, to pay any debt or demand, from which he was or shall be released by such discharge, unless such promise be put in writing and signed by the party to be charged therewith."

Again, the same principle is recognized in *Holt* v. *Akarman,* 84 *N. J. L.* 371; 86 *Atl. Rep.* 408, cited by counsel for the defendant in his brief. This case holds that recovery may be had providing three elements are present, namely: (1) the promise must be in writing; (2) it must be distinct and unequivocal, and (3) it must be after the discharge of the bankrupt.

All of these necessary elements are present in the instant case, unless a written promise in addition to the execution and delivery of the note itself is essential. Brief of counsel

for the defendants seems to indicate that such additional promise is required, and Holt *v.* Akarman is cited as authority for such contention.

This view, it seems to the court, is based upon the assumption that the note in that case was given after the discharge in bankrputcy. Counsel, in his brief, page 3, paragraph 2, states:

"The plaintiff's reply was that after the defendant became a bankrupt and was discharged, he signed the note in question."

The case does not admit of any such assumption. There is nothing to indicate when the note was given, and apparently neither the trial court nor the appellate court make any reference to the note itself as being a subsequent promise, but the case turns upon promises contained in two letters, one of which was prior and the other subsequent to the discharge. The court merely holds that the letter written prior to discharge could not be considered, and that the letter written subsequent to discharge was not sufficiently definite to bind the defendants.

In the present suit, the note itself constitutes the promise, and in the judgment of the court all the conditions essential to recovery have been complied with.

The motion to strike the answer is granted.