SINGAC TRUST COMPANY, A STATE BANKING INSTITU-
TION NOW IN LIQUIDATION, PLAINTIFF, v. CHARLES
SOSCHIN AND ETTA SOSCHIN, DEFENDANTS.

Decided January 12, 1933.

For the plaintiff, *John Milton* (*Anthony T. Augelli,* of counsel).

For the defendants, *Israel B. Greene.*

SMITH, C. C. J. The plaintiff sues the defendant to recover on a promissory note dated October 27th, 1930, in the sum of $3,350 payable two months after date at the Singac Trust Company, and made by the defendant Charles Soschin and endorsed by him and by Etta Soschin, his wife. This note upon its due date, December 29th, 1930, was duly protested, and notice of protest mailed to both defendants addressed to 331 Main Street, East Orange, New Jersey.

The defendant Charles Soschin filed a petition in bankruptcy on October 16th, 1930; was adjudicated a bankrupt on that date and was discharged as a bankrupt on the 19th day of January, 1931. The note of October 27th, 1930, which was given after the adjudication in bankruptcy and before the discharge, was a renewal of a note given previous to the filing of the bankruptcy petition and the adjudication thereon. The renewed note was given by the defendant Charles Soschin individually and was not endorsed by his wife, Etta Soschin.

The original note was for $3,450, and at the time of the making of the note sued on $100 was paid, reducing the indebtedness to $3,350, and the defendant wife, Etta Soschin, endorsed the note. Subsequently, on April 27th, 1931, an additional $25 was paid on account of the note, leaving due thereon the sum of $3,325 together with protest fees of $2.24 with interest from December 29th, 1930.

As to Charles Soschin, the defense is set up that he is discharged by his bankruptcy from the obligation upon the note sued on. He was indebted previous to the adjudication upon a promissory note made to the Singac Trust Company. He then filed a petition in bankruptcy and was adjudicated a bankrupt and subsequently he executed a new note to the order of the plaintiff and paid $100 on account, and the defendant wife, Etta Soschin, endorsed this renewal note. Subsequently the defendant Charles Soschin was discharged as a bankrupt and thereafter a payment of $25 was made on account of the note. It is urged that the note sued on is a renewal of the old indebtedness and is not a new debt. As to this I agree with the defendant's contention. The new note was merely a renewal of the old. The right to collect a dividend against the bankrupt's estate remained in the plaintiff, and there is no evidence before me that the parties agreed that this new note should be a discharge of the obligation under the old.

It is urged on behalf of the defendant maker of the note that his discharge in bankruptcy from the original indebtedness discharges his liability upon this note. It is claimed in his behalf that during the period between the adjudication and the discharge the bankrupt cannot agree to remain bound for a debt which is dischargeable by his bankruptcy. This contention I must sustain, because that seems to be the holding of our Court of Errors and Appeals in the case of *Holt* v. *Akarman,* 84 *N. J. L.* 371; 86 *Atl. Rep.* 408, and followed by our Supreme Court recently in the case of *Black* v. *Yanowsky,* 8 *N. J. Mis. R.* 221; 149 *Atl. Rep.* 345, those cases holding that it is a clear policy of the legislature as expressed

in the eighth section of the act relating to frauds and per-juries that a promise to pay a debt dischargeable in bank-ruptcy must be made in writing, and that act applying only to promises made after the discharge, the court holds by implication that the statute means that the debt cannot be revived by a promise either orally or in writing before the discharge. These holdings are contrary to the views held by the United States Supreme Court, as set forth in the case of *Zavello* v. *Reeves,* 227 *U. S.* 625. See, also, note to *Federal National Bank* v. *Koppel,* 148 *N. E. Rep.* 379, as reported in 40 *A L. R.* (*Anno.*) 1446. The federal rule is that the mere dischargeable obligation is sufficient to sustain a promise to pay a debt dischargeable in bankruptcy, and that the promise may be made either between the time of the adjudication and the discharge, or after the discharge, and may be made orally or in writing.

I assume, of course, that the contention in this respect would be subject to the state law as to whether or not the promise should be in writing. But on the question of whether or not a promise, if in writing, made between the time of the adjudication and the time of discharge, revives the debt, it is my view that the federal rule is the correct one. But I feel bound by the decisions of our state and therefore hold that the note sued on is ineffective to revive the debt discharged by the bankruptcy because there is no legal consideration for such agreement.

As to the wife, in addition to the husband's defense, she sets up the defense that she did not receive notice of protest, and that being an endorser she is thereby discharged.

The notice of protest was duly mailed and addressed to 331 Main street, East Orange, New Jersey, the place of the husband's employment. The wife's residence was 106 North Arlington avenue, East Orange, the same municpiality. The notice was not received. The address to which the notice was sent was the only one which the trust company had, and that was furnished to the notary. That address was given by the defendant husband, the one who delivered the note to the trust company. The mailing was not only a compliance with

the statute, section 108, Negotiable Instruments act, as being mailed to the post office nearest the place of residence where the defendant was accustomed to receive her mail, but was in compliance with section 112 of the same act as being an exercise of reasonable diligence which, if complied with, dispenses with the necessity of the giving of the notice. See *Liberty Title & Trust Co.* v. *Sweeten,* 106 *N. J. L.* 313; 150 *Atl. Rep.* 422.

I therefore find that the defense that no notice of protest was given is not sustained. Judgment, however, must go in favor of the wife on the ground that this renewal note being without consideration as to the husband, and the wife being an accommodation endorser, she cannot be held liable thereon. I therefore find in favor of both defendants.