102 N.J. Super. 172 (1968)
245 A.2d 532
DEPARTMENT OF HEALTH, STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
SOL SCHNOLL DRESSED POULTRY COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1968.
Decided July 23, 1968.
*174 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Walter R. Davis, Jr., Deputy Attorney General, argued the cause for appellant (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
Mr. Jack M. Schnoll argued the cause for respondent.
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal by plaintiff State Department of Health from a district court judgment entered in favor of defendant Sol Schnoll Dressed Poultry Company dismissing its action to recover a penalty for failure to obtain a license required under N.J.S.A. 24:9-21 et seq.
The facts are not in dispute. The statement of the evidence and proceedings submitted pursuant to R.R. 1:6-3 shows that defendant is engaged in the business of purchasing and selling food products both wholesale and retail in the City of Newark. In connection with that business defendant operates and maintains a storage space mechanically cooled below a temperature of 45° Fahrenheit in which food products other than fresh unprocessed fruits and vegetables are stored. Some of the food is stored in excess of 30 days. All of the food is owned by defendant and is held in storage for the purpose of resale and not for consumption on the premises.
An investigation by the Department of defendant's premises revealed the existence of the refrigerated warehouse and that defendant had not obtained a license to operate the same. Plaintiff thereupon brought the penalty action which was dismissed by the district court. This appeal followed.
Section 22 of the statute cited above provides that any person desiring to operate or to continue to operate a refrigerated warehouse or locker plant must obtain a license from the State Department of Health to do so. Section 21 defines "refrigerated warehouse" and "locker plant" as follows:
*175 "b. `Refrigerated warehouse' shall mean any place artificially or mechanically cooled to or below a temperature of forty-five degrees Fahrenheit in which articles, other than fresh unprocessed fruits and vegetables, are placed and held for thirty days or more, except a restaurant, store, home, or eating club utilizing its refrigerated warehouse space exclusively for its own use.
c. `Locker plant' shall mean any refrigerated storage warehouse or the portion thereof which provides separate individual lockers, cabinets, boxes, baskets, or other receptacles, for the storage of food products for home or personal use only and not for purpose of sale."
The trial court held that defendant's wholesale business fell within the statutory exemption of a "store" which utilized its refrigerated warehouse space exclusively for its own use and therefore no license was required.
Plaintiff contends that the trial judge erred in his conclusion. It claims that the term "store," as used in the exemption clause of the statute, pertains to a retail store and not a wholesale business, and that the legislative history of the statute reflects a legislative intent to require wholesale businesses to be licensed.
The central issue in this case is the meaning of the word "store" as used in the exemption clause of the statute. The word "store" has a broad meaning in the United States as "any place where goods are kept for sale, or are sold." Township of Maplewood v. Tannenhaus, 64 N.J. Super. 80, 88 (App. Div. 1960). Words are inexact tools at best, and when the meaning of a word used in a statute is not explicit its meaning will be restricted, whenever it is necessary, in such manner as to carry out the legislative intention, and the reason and spirit of the statute will control its interpretation. DeFazio v. Haven Savings and Loan Ass'n, 22 N.J. 511, 518 (1956). The real intention, when ascertained, will prevail over the literal sense of the term. Pine v. Okzewski, 112 N.J.L. 429, 433 (E. & A. 1933). See also Board of Education of City of Asbury Park v. Hoek, 38 N.J. 213, 231 (1962); Seatrain Lines, Inc. v. Medina, 39 N.J. 222, 226-231 (1963).
*176 The purpose of N.J.S.A. 24:9-21 et seq., as indicated by the title of the enacting statute, is to protect the public's health. See L. 1951, c. 342. The evil it seeks to eliminate is the distribution of unwholesome food. As remedial legislation it must be liberally construed to promote the public policy of the State in protecting the safety of its people. Cf. State v. Meinken, 10 N.J. 348, 351-352 (1952); Carianni v. Schwenker, 38 N.J. Super. 350, 361 (App. Div. 1955).
In construing a statute the court's fundamental duty is to determine the purpose and intent of the Legislature. To comprehend the full force and scope of the legislative intent, due regard must be had of the old law, the mischief resulting therefrom, and the enacted legislative remedy for the eradication of the evil. DeFazio v. Haven Savings and Loan Ass'n, supra, at pp. 518-519; Holt v. Akarman, 84 N.J.L. 371, 377 (E. & A. 1912); 2 Sutherland, Statutory Construction, § 4501, pp. 314-315 (1943). A reading of the old law, R.S. 24:9-1 et seq. (repealed), and the present statute, N.J.S.A. 24:9-21 et seq., clearly indicates that the existing statute was enacted to revise sanitary regulations in order to deal with modern developments in the cold storage of food products.
In construing statutory provisions resort may freely be had to the pertinent legislative history in ascertaining the true sense and meaning of the language used. Lloyd v. Vermeulen, 22 N.J. 200, 206 (1956). When the bill, designated as Assembly Bill 656 (which was enacted into law as L. 1951, c. 342), was introduced on March 5, 1951 in the Assembly it contained the same exemptions from license requirements as finally enacted. The Senate amended the bill to enlarge the exemptions from "restaurant, store, home and eating club" to include the words "manufacturer or distributor." Governor Driscoll refused to sign it as amended and sent it back for reconsideration on June 26, 1951. In commenting upon the bill the Governor said in part:
*177 "During the progress of the bill through the Legislature the definition of `refrigerated warehouse' in section 1 was amended so that a manufacturer or distributor utilizing its refrigerated warehouse space exclusively for its own use was added to the list of those exempted from the definition. Neither of the two added exemptions were in the old law. The proposed exclusion of manufacturers and distributors does not appear to be in the public interest." Veto Messages of Governor Alfred E. Driscoll, 1951, p. 37
Reconsideration of the bill by the Legislature led to a reenactment with the added exclusions deleted.
While a wholesaler arguably may be distinguished from a "distributor" in a technical sense in that the latter ordinarily is the agent of the manufacturer in the sale of goods to retailers, usually in a particular territory, the terms "wholesaler" and "distributor" are frequently understood as interchangeable. It seems clear, therefore, that the Legislature in ultimately acquiescing in the Governor's desire to deny exemption to distributors intended to protect the public from the dangers inherent in long periods of storage of food products thought to accompany the wholesale food business and to exclude from the licensing requirements of the statute only retail businesses which deal directly with the consumer.
Our consequent conclusion that the term "store," as used in the exemption clause, was intended by the Legislature to mean "retail store," is supported by application of the doctrine of noscitur a sociis. It is an elementary canon of statutory interpretation that ordinarly the coupling of words denotes an intention that they should be understood in the same general sense. The natural, ordinary and general meaning of terms and expressions may be limited, qualified and specialized by those in immediate association. Words of general and specific import take color from each other when associated together, and thus a word of general significance is modified by its associates of restricted sense. The general word is qualified by the particular word. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 96 (1954); Ford Motor Co. v. N.J. Dept. of Labor and Industry, 5 N.J. 494, 502 (1950).
*178 Here, the other categories excluded from the application of the statute under the exemption clause (restaurant, home and eating club) comprise a class having a common relationship and purpose  the supplying of food directly to the consumer. The coupling of "store" with such categories indicates an intention to restrict its meaning to that common purpose  a retail store dealing directly with the consumer exclusively. We are satisfied that the statute was never intended to exclude from its regulations and requirements a wholesale food products business, even if, in addition thereto, it partly does some retail business.
We also see no merit in defendant's argument that the purpose of N.J.S.A. 24:9-21 et seq. was to license only refrigerated warehousing and locker plant businesses in which food products of other persons are stored and for which storage charges are paid. If this were so there would be no statutory safeguards to protect the ultimate consumer from the dangers of deleterious foods stored in a refrigerated warehouse and thereafter distributed to retailers for sale and consumption by the public. We are satisfied that the statute was intended to apply to all refrigerated food products businesses except those specifically excluded therein.
The judgment is reversed and the case is remanded to the district court for the entry of judgment in favor of plaintiff in the amount of the penalty provided for by N.J.S.A. 24:9-24.