A. A. FOLKES v. THE STATE.

1. PRIVILEGE TAX. *On store. Meaning of the word " store."* *Section* 585, *Code* 1880.
The word "store" as used in § 585 of the Code of 1880, which levies a privi-
lege tax " on each store," is intended to designate any place where goods are
deposited and sold by one engaged in buying and selling such goods, whether
in a house or not.

2. SAME. *Lumber-yard, when a store. Section* 585, *Code* 1880.
One who keeps a lumber-yard, where he deposits and sells lumber which he
· has bought for sale, is liable to the privilege tax for keeping a "store,"
under the statute above referred to.

3. SAME. *Producer or manufacturer. Section* 585, *Code* 1880.
But under this statute, the producer or manufacturer of goods, or his agents,
may sell them at the place where manufactured, or elsewhere, without pay-
ing for the privilege of selling.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

A. A. Folkes was indicted in July, 1885, on the charge that he
"did, on the first day of January, and on divers other days, be-
tween that date and the finding of the indictment, willfully and
unlawfully exercise the privilege of a merchant and keep a store,
where the stock never exceeds in value two thousand dollars, with-
out first having paid the price and obtained the license so to do."
He plead "not guilty." And the case was tried upon the follow-
ing agreed statement of facts: "The defendant, A. A. Folkes, is
the agent of J. C. Redus, of Copiah County, and, as such agent,
has charge of two lumber-yards in the city of Jackson, in each of
which there are placed and kept for sale about one hundred and
fifty thousand feet of lumber, on an average. There is a small
room in each of said yards, into which employees may retire in
case of rain, and in which said Folkes keeps books to enter sales
of lumber, and where he sells lumber, but nothing of any kind is
kept for sale in said rooms. Neither said Redus nor said Folkes
has taken out any license, they insisting that, under the laws of
·the State, they are not liable to pay any privilege tax for exercis-

63 MISS.—6

ing their calling and doing said business. Said Folkes sells, and has sold, nothing but lumber and shingles, kept in an open yard, and the value of the lumber usually kept in each of said yards is, on the average, about two thousand dollars." Upon these facts the court instructed the jury to find the defendant guilty ; which they accordingly did, and from the judgment on such verdict the defendant appealed.

*Nugent & McWillie,* for the appellant.

On the facts the court should have charged the jury to find for the defendant and should have refused the charge to find the defendant guilty as charged in the indictment. The appellant was not exercising any privilege specified in the revenue laws of the State. He has kept no store whatever. He was the agent of Redus, and as such kept two wood yards in Jackson, in each of which there was placed and kept one hundred and fifty thousand feet of lumber on an average. There is a small room in each of said yards into which employees may retire in case of rain and in which Folkes keeps books to enter sales of lumber and when he sells lumber, but nothing of any kind is kept for sale in said rooms. Folkes sells and has sold nothing but lumber and shingles kept in open yard, the value of which is, on the average, about two thousand dollars in each yard. The code calls "each coal-yard or coal-boat" a privilege, and taxes it twenty-five dollars, but nothing is said about lumber-yards. Stores where stocks are kept are subject to be taxed as privileges and not lumber-yards. The law implies that there shall be a house in which a stock for sale is kept and not a mere yard in which lumber is kept for sale, and the imposition of a tax on a coal-yard excludes the idea that lumber-yards were to be taxed.

*T. S. Ford,* Attorney General, for the State.

Did appellant keep a store within the meaning of the statute taxing privileges? It is insisted that because the code taxes the business of selling coal as a privilege separate and distinct from that of "keeping store," that keeping a stock of lumber for sale "in a lumber-yard " cannot be classified under the head of keeping store. The court will observe with respect to this that the business

of selling coal is taxed on a different basis from that of selling other goods or ,wares or merchandise. The privilege of keeping a store is taxed in proportion to the value of the stock kept on hand. The privilege of selling coal, whether from a coal-yard or from a coal-boat, is taxed at twenty-five dollars, without regard to the quantity sold or kept in stock. Were it not that the business is thus singled out to be assessed on a different basis, it might be questioned whether a dealer in coal who kept a stock on hand for sale was not liable as other "storekeepers."

Statutes for the raising of revenue are to be liberally construed; what is implied is as much a part of them as what is expressed. Revenue laws should be construed so as to most effectually accomplish the intention of the legislature in passing them. 10 Wall. 395; 3 Howard 109.

The fact that a dealer kept in a store only one particular class or kind of merchandise would not relieve him from liability to pay a privilege tax as a merchant where that occupation is subject to a privilege tax. 33 Missouri 457.

In Pennsylvania the selling of groceries from a canal-boat has been held to be within the statute punishing any unlicensed person who should be found hawking, peddling, or traveling from place to place to sell or expose for sale, etc. The court said that "the manner of traveling, whether on foot or horseback, in wagons, carts, or canal-boats, does not enter into the definition." Bishop on Stat. Crim., § 1077.

CAMPBELL, J., delivered the opinion of the court.

The word "*store*" is employed in § 585 of the code to designate a place where goods are sold. Although goods are usually kept for sale in a house, it is not true that their being kept in a house is necessary to constitute a store. Therefore, the fact that the appellant did not keep his goods in a house is not decisive of his liability to a privilege tax.

The evidence shows that the appellant is agent of J. C. Redus, of Copiah County, and as such has charge of two lumber-yards in Jackson, in which are placed and kept for sale lumber, and that he

has not sold anything except lumber and shingles kept in open yards. Redus places lumber in the yards for sale, but how the shingles dealt in are obtained does not appear. If Redus manufactures lumber and transports it to Jackson for sale as his product, neither he nor his agent for its sale is required to pay a privilege tax for selling, but it does not appear from the evidence that this is the state of case. So far as the record shows, Redus may be engaged in buying and selling lumber which he puts in Jackson to be sold by the appellant, who, besides selling this lumber where it is stored; also sells shingles, which he procures for sale. The purpose of the statute is to impose a tax on every place where goods are deposited and sold by a dealer engaged in buying and selling goods. The producer of goods may sell them at the place of production or elsewhere without paying for the privilege of selling, but a dealer in goods not produced by him is required to pay for the privilege of keeping a store.

*Affirmed.*