# Gunther et al. *v.* Atlantic Refining Co. (et al., Appellant).

*Contract — Building restrictions — Consideration — Estoppel — Store—Words and phrases—Mistake—Equity.*

1. Where an owner of two lots conveys one, and in a writing in the form of bond, covenants that no store shall be built on the remaining lot, and subsequently, on the grantee conveying the lot to another person, executes in place of the bond which had been lost an agreement under seal, reciting that in consideration of one dollar no store should be built on the remaining lot, and this agreement is recorded, the owner of such lot, and a subsequent purchaser from him, with notice, are estopped from alleging that the agreement lacked consideration.

2. In such case, as the execution of the new agreement was a substitute for the old, the mutual release of liability on the bond was sufficient consideration for signing the agreement.

3. The owner cannot allege four years afterwards that he believed, when he signed the agreement, that it was identical with the terms and conditions of the bond (when as a matter of fact it was not identical), and that therefore the agreement could not be enforced in equity.

4. A store is a place where merchandise of any kind is kept for sale.

5. The use of premises for the purpose of retailing gasoline and oil for delivery from tanks constructed outside and in front of the building, comes within the terms of an agreement forbidding the use of the premises as a "store."

Argued February 27, 1923. Appeal, No. 254, Jan. T., 1923, by intervening defendant, T. J. Paradine, from decree of C. P. Erie Co., Nov. T., 1921, No. 7, on bill in equity, for plaintiffs, in case of Margaret Barbara Gunther and Robert F. Gunther v. Atlantic Refining Co. and T. J. Paradine, intervening defendant. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. T. J. Paradine, intervening defendant, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*John B. Brooks,* of *Brooks, English & Quinn,* with him *Gunnison, Fish, Gifford & Chapin,* for appellant.—The agreement of November 24, 1917, was not supported by a valuable consideration.

Detriment to the promisee is not a consideration unless it is incurred at the request of the promisor: McClure v. McClure, 1 Pa. 374; Conklin v. Chaffee, 69 Pa. Superior Ct. 243.

A court of equity will not specifically enforce a voluntary executory agreement under seal: Lennig's Est., 182 Pa. 485.

There was a mutual mistake of fact: Mays v. Dwight, 82 Pa. 462; Dayton v. Newman, 19 Pa. 194; Shedwick v. Church, 160 Pa. 57; Kostenbader v. Peters, 80 Pa. 438.

The building contemplated to be erected by the Atlantic Refining Company is not within the prohibitory words "no store building": Johnson v. Jones, 244 Pa. 386; Com. v. M'Monagle, 1 Mass. 517.

*Charles A. Mertens,* for appellees.—The agreement of November 24, 1917, is founded on a sufficient consideration: Yard v. Patton, 13 Pa. 278; Candor & Henderson's App., 27 Pa. 119; Robinson v. Snyder, 25 Pa. 203; Clymer v. Groff, 220 Pa. 580; Leonard v. Duffin, 94 Pa. 218; Cosgrove v. Cummings, 195 Pa. 497.

There was no mutual mistake of fact.

The building contemplated to be erected is such a building as is prohibited by this agreement: Bole v. Ins. Co., 159 Pa. 53; Abbot's App., 198 Pa. 493; Hoffman v. Parker, 239 Pa. 398.

OPINION BY MR. JUSTICE FRAZER, April 30, 1923:

T. J. Paradine, intervening defendant in this proceeding, owned two adjoining lots at the corner of Sixth and German streets in the City of Erie, one of which he sold in 1910 to Clara K. Rilling, giving her his personal bond in the sum of $1,000 "guaranteeing that no store building shall be erected" on the remaining lot. In 1917 Miss Rilling sold her lot to Margaret B. Gunther with the understanding that the adjoining lot had attached to it a restriction forbidding the erection of a store thereon. The bond given by Paradine to Miss Rilling having been lost or mislaid, a new agreement was prepared to take its place which was signed by Paradine and Mrs. Gunther, reciting ownership of the adjoining lots by the respective parties and "in consideration of the sum of

$1" it was stipulated "No store building shall be erected on the premises owned by the first party [Paradine] above described." This agreement was dated November 24, 1917, acknowledged by Paradine the same day and recorded with the deed of Miss Rilling to Mrs. Gunther, November 26, 1917. In 1921 Paradine sold his remaining lot to the Atlantic Refining Company, the other defendant, who thus had constructive, and the testimony shows also actual, notice of the existence of the restriction on the character of building to be erected on the lot. Notwithstanding such notice the refining company proceeded to erect a building with outside appliances to be used for the sale of oil, gasoline, etc. Mrs. Gunther thereupon filed the present bill for an injunction claiming the proposed building violated the restriction in the recorded agreement. The court below granted the injunction and defendant, Paradine, appealed.

Appellant argues first that the agreement was without consideration and, consequently, unenforceable. It recites a nominal payment of $1 and is under seal which ordinarily imports consideration. The nominal amount mentioned was not, in fact, paid. We deem unnecessary, however, a discussion of the effect of either failure to pay the consideration or the force to be given the seal attached to the writing. At the time, defendant acknowledged the writing and requested it to be recorded as his act and deed, and this was followed by actual recording; he thereby became estopped from alleging as against a purchaser of the dominant estate that the agreement lacked consideration, and subsequently upon selling the servient property with actual, as well as constructive, notice to the purchaser of the existence of the servitude, the rights of the purchaser could rise no higher than those of his predecessor in title. Furthermore, the court below found on sufficient evidence that the new agreement was given for the sole purpose of replacing the lost or missing bond; accordingly, the execution of the new instrument was a substitution for the old and the mutual

release of liability on the latter was sufficient consideration for signing the former.

The agreement originally made was in the form of a bond for $1,000 "guaranteeing that no store building shall be erected on the lot," while the second paper was not a bond but an agreement to the effect that no store building should be erected on the property. The contention of defendant now is that at the time he signed the second agreement he believed it to be in form similar to the original or lost document and hence signed under a mistake of fact, to wit, that the conditions and agreement of the instrument were identical with those of the bond it was intended to replace and that because of this mistake the present agreement is unenforceable in equity. With respect to this contention we quote from the opinion of the court below: "According to Mr. Paradine's testimony, he signed, sealed, executed, acknowledged and delivered a plain unequivocal article of agreement and thought it was in the form of a bond containing a penal clause......That is, we are to take a verbal expression of his recollection now, hazy as it is and dimmed by the lapse of more than four years, in preference to his written, sealed and publicly acknowledged expression then, and substitute his recollection now, or what he thinks he thought then, and enforce it as an agreement, when it has no existence in fact but is a mere mental uncertainty, instead of one that exists in fact as a writing and was executed with all the solemnity and formality known to the law. In other words, we are asked to assist in doing just what the agreement was made to prevent. Surely it follows, under these circumstances, that Paradine is entitled to no credence in conscience or consideration in equity, and if he is entitled to no consideration, then neither is the Atlantic Refining Company."

Appellant finally argues that the erection contemplated by the Atlantic Refining Company, is not a store building within the meaning of the agreement. The word

"store" has been broadly defined as a place where merchandise of any kind is kept for sale: Standard Dictionary; 36 Cyc. 1326, and cases cited in foot notes; see also opinion of lower court, affirmed by this court, in Hoffman v. Parker, 239 Pa. 398, where it was stated that buildings outwardly designed, adapted and constructed for a trade might popularly be described as stores and would be understood as devoted to retail trade. The defendant proposed to use the premises for the purpose of retailing gasoline and oil for delivery from tanks constructed outside and in front of the building; that such use was for the purpose of trading and came within the designation of a store within the meaning of a clause restricting the premises to residential purposes can hardly be doubted.

The decree of the court below is affirmed and the appeal dismissed at the costs of the intervening appellant.