FEDERAL ADVERTISING CORPORATION, PROSECUTOR, v. RECORDER OF THE BOROUGH OF FAIRLAWN, RE-SPONDENT.

Submitted January term, 1930—Decided July 17, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Peter Hofstra.*

For the respondent, *Mackay & Mackay.*

PER CURIAM.

The prosecutor was convicted of violation of section 2 of an ordinance of the borough of Fairlawn regulating the construction and maintenance of buildings for advertising purposes and for the abatement of nuisances. The second section of this ordinance provides that, "every signboard, billboard or other structure intended mainly for advertising purposes * * * erected within the distance of ten feet from the side line of any public street is hereby declared to be a public nuisance."

The proofs showed that the prosecutor had erected a signboard in violation of this section and refused to remove

it within thirty days, as required by the subsequent provision of the same ordinance. Complaint and warrant were issued setting up this violation and its continuance, and on these and the evidence produced the conviction was had.

The ordinance is not a zoning ordinance and in no respects complies with chapter 274 of the laws of 1928 respecting zoning. It must, therefore, be sustained, if at all, under such police power as the borough possessed independently of that statute and the zoning amendment of the constitution. Relegated to this position the conviction was clearly illegal under the case of *Passaic* v. *Paterson Bill Posting Co.*, 72 *N. J. L.* 285.

It appears, however, from the evidence that the signboard extended a fraction of an inch over the line of the street and the borough seeks to sustain the conviction as in violation of section 3 of the same ordinance which prohibits the erection in the body of the street.

Assuming that this tenuous invasion of the highway would, under a proper complaint, justify a conviction, the answer is that the complaint, warrant and conviction were not based on this charge, but wholly on a violation of section 2, which does not contemplate a trespass on the highway. We think the Passaic *v.* Paterson case is controlling and the conviction will be set aside, with costs.