Third Criminal Court of Newark.

THE CITY OF NEWARK, A MUNICIPAL CORPORATION, PLAINTIFF, v. SAMUEL LIPPMEN, DEFENDANT.

Decided March 7, 1935.

For the complainant, *Frank A. Boettner* (*Walter P. Reilly*, of counsel).

For the defendant, *Louis Weiss*.

VILLANI, P. C. J. Complainant charged defendant with a violation of section (6) subsection (0) of the zoning ordinance of the city of Newark. The violation alleged was that defendant used premises No. 344 Grove street, Newark, as a stone yard when such use was not permitted by the zoning ordinance. The facts are admitted to wit: Defendant has a display of finished grave stones set up on the vacant lot at this number with a sign that his place of business is at No. 158 Broome street, Newark, New Jersey. No selling or work is done at the Grove street address, it being merely an open air show room. No building of any sort is erected on the lands. Directly across the street from the defendant is the Holy Sepulchre Cemetery. There are other monument works in the same block, one being but one door away from the defendant at No. 338 Grove street.

A preliminary objection is raised that the complaint cannot be sustained as it alleges a violation of section (6) subsection (0) whereas the section of the zoning ordinance that applies is section (7) subsection (0). However fatal that might be,

a dismissal on this ground could not settle the fundamental question, and therefore this decision will not be based thereon.

Defendant contends that the amendment to the constitution permitting zoning legislation (*Comp. Stat.* 1925, *art.* 4, *p.* 4, § 6) speaks only of "buildings and structures." He further contends that the enabling act passed under the authority of that amendment (*Pamph. L.* 1928, *ch.* 274, *p.* 696; *Comp. Stat.* 1925, *p.* 1244, § *136-4200 J, &c.) likewise only refers to "buildings and structures." (See section 3.) He argues therefore, that the zoning ordinance is *ultra vires* and invalid in so far as it provides for zoning regulations affecting "premises" separate and apart from "buildings and structures" placed on said premises. There can be no doubt that section 7 of the Newark zoning ordinance as well as the other sections of said ordinance purports to control vacant land as well as buildings.

"Section 7: Use Regulations Controlling Second Business Districts.

"In a Second Business District no building or premises shall be used, and no building shall be erected to be used for any of the following specified trades, industries or uses:

"(0) Stone Yard or monument works."

The word "premises" has been defined as "the land with appurtenances." *Zinc Co.* v. *Franlinile Co.,* 13 *N. J. Eq.* 322, 331.

It would seem, therefore, and I am inclined to agree with the view, that the zoning ordinance of Newark in so far as it attempts to control the use of land separate and apart from the "buildings and structures" thereon is invalid, as there is no statutory authority for such municipal action. This view is supported by *Federal Advertisement* v. *Recorder of Fairlawn,* 8 *N. J. Mis. R.* 619; 151 *All. Rep.* 285; *Kosich* v. *Township Committee of Dover,* 112 *N. J. L.* 281; 170 *Atl. Rep.* 248; *Federal Shipbuilding Co.* v. *Bayonne,* 102 *N. J. Eq.* 475; 141 *Atl. Rep.* 455; *affirmed,* 104 *N. J. Eq.* 196; 144 *Atl. Rep.* 918.

Particularly pertinent is the language used in the last cited case.

"A municipal corporation, being a creature of the state, possesses only such power as the state confers upon it. *Breninger* v. *Belvidere,* 44 *N. J. L.* 350; *State, Terhune* v. *City of Passaic,* 41 *Id.* 90, 93. And in construing a grant of power to a municipality any fair reasonable doubt concerning the existence of the power is denied. *Meday* v. *Rutherford,* 65 *Id.* 645, 648."

It is unnecessary, however, to base this decision on this point, and reference thereto was only made because counsel argued it and the matter seems of sufficient general interest, that attention be called to it.

I am of the opinion that the defendant is not guilty of a violation of the zoning ordinance as charged because he does not conduct a "stone yard or monument works" on the premises. Merely using the premises as an open air show room for grave stones without doing any work or selling there (which is admitted by the city), is not conducting a stone yard.

Dictionary definitions of "stone yard" are dispositive of this question: "A stone yard is a yard in which stone cutting is carried on." Funk and Wagnall's New Standard Dictionary.

"A stone yard is a yard in which stones are cut, shaped, broken or the like." Webster's New International (2d ed.).

Even one of the definitions given in the brief filed on behalf of the city defines:

"Yard—A space often enclosed, within which any work is carried on." Winston Simplified Dictionary.

It seems apparent therefore that a proper interpretation of the word "stone yard" as used in the ordinance is that it is a place where some work is carried on. Admittedly, defendant carries on no work on the premises in question. No argument is made by complainant that defendant is conducting a "monument works," because obviously he is not.

Although the question may be open to some doubt, this does not aid complainant as the rule is that in the summary proceedings on a penal ordinance nothing is presumed or intended in favor of the validity of the complaint or conviction.

*Owens* v. *City of Camden,* 6 *N. J. Mis. R.* 279; 141 *Atl. Rep.* 24; *Haviland* v. *Egan,* 11 *N. J. Mis. R.* 79; 168 *Atl. Rep.* 171; *McKenna* v. *City of Paterson,* 11 *N. J. Mis. R.* 945; 109 *Atl. Rep.* 287. It would be improper, therefore, to strain the meaning of the clear language of the ordinance to sustain a conviction.

In view of the fact that the immediate neighborhood surrounding defendant's premises is taken up by a cemetery and trades connected therewith it can hardly be maintained that defendant's use of his premises is detrimental to the health, safety, morals, or even sensibilities of his neighbors. The general police power of the municipality cannot therefore be invoked.

The complaint must therefore be dismissed.