64 N.J. Super. 80 (1960)
165 A.2d 300
TOWNSHIP OF MAPLEWOOD, COMPLAINANT-RESPONDENT,
v.
IVOR TANNENHAUS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1960.
Decided November 21, 1960.
*81 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Nathaniel W. Franzblau argued the cause for appellant (Messrs. Franzblau & Franzblau, attorneys).
Mr. Harry V. Osborne, Jr., argued the cause for respondent (Messrs. Osborne, Cornish & Scheck, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
The defendant was convicted in the Maplewood Municipal Court on February 8, 1960 and fined $50, after trial of a complaint, which charged that:
*82 "On or about December 2, 1959, in the Township of Maplewood, County of Essex and State of New Jersey, [he] did violate Section 9, Paragraph 1 of the Zoning Ordinance of the Township of Maplewood, passed March 20th, 1934 in that on or about December 2nd 1959 Tanen Plumbing Supply Company, Inc., did use the premises at 1505 Springfield Avenue, Maplewood, N.J. for the open storage of material in connection with their plumbing supply business."
On appeal to the Essex County Court, and after a trial de novo, the defendant was again found guilty of the violation and fined $50, and costs of $8.50 were imposed. At the hearing in the Essex County Court on March 14, 1960, an amendment of the complaint was allowed, changing the locus in quo to read:
"South East corner of Springfield Avenue and Jacoby St., being lots No. 391, 392, 393 and 394 on plate No. 45 of the tax map of Maplewood, N.J.  instead of 1505 Springfield Avenue, Maplewood, N.J."
This amendment was obviously necessary, since defendant's use of the building at 1505 Springfield Avenue was concededly not in violation of the ordinance. The complaint was really grounded upon defendant's use of the four vacant lots immediately adjacent to this building, and used in connection with the business conducted in that building. The defendant makes no objection to the propriety of this amendment.
This appeal is from the judgment of conviction entered in the Essex County Court on April 13, 1960.
We observe at the outset that the complaint in the municipal court is inartistically drawn. It charges that the individual defendant did violate the zoning ordinance "in that * * * Tanen Supply Company, Inc. did use the premises * * * for the open storage of material in connection with their plumbing supply business." (Emphasis supplied.) Thus, the individual is charged with the corporation's alleged violation and his connection, if any, with the corporation is not stated. However, the defendant raised no objection to *83 this discrepancy at either trial below and waived the point on this appeal. Therefore, we shall not consider it.
Section 9, paragraph 1 of the Maplewood zoning ordinance, admittedly applicable to the subject building and adjacent four lots, provides inter alia that:
"1. In the business districts no building, structure or premises shall be used * * * unless designed, arranged or intended to be used exclusively for one or more of the following purposes:

* * * * * * * *
b. For a store or shop for the conduct of retail or wholesale business * * *

* * * * * * * *
c. A place of business of a dressmaker, milliner, photographer, tailor, carpenter, cleaner, dyer, electrician, laundryman, painter, paperhanger, plumber, printer, roofer, tinsmith, undertaker, upholsterer, barber, beauty shop, or any other retail shop.

* * * * * * * *
i. No building shall have more than 50 percent of its floor area devoted to the storage of goods, and any storage shall only be in connection with a business located in the same building * * *."
The facts are not in dispute and may be summarized as follows.
Since August 1954 the defendant, or Tanen Plumbing Supply Company, Inc., has operated a wholesale and retail plumbing and heating supply business at 1505-1515 Springfield Avenue, Maplewood, N.J. Title to this entire property has been in Drew Motors, Inc. by a single deed, and occupancy has been in the defendant corporation, as a tenant, under a single lease. On 1505 Springfield Avenue, known as lot 411, there has been a one-story building used as a store and office, and for the temporary storage of supplies sold in the regular course of business. This building is approximately 50 feet in width, covers the full width of the lot, and is 120 feet long. Immediately adjoining the westerly wall of this building are four vacant lots, numbered 391, 392, 393 and 394 on plate No. 45 of the tax map of Maplewood, comprising a single, open tract of land. These vacant lots are situated at the southeast corner of Springfield Avenue and Jacoby Street, and are completely enclosed *84 by a six-foot cyclone fence on their northerly, southerly and westerly sides, with the westerly wall of the aforesaid building on their easterly side. This fence is attached to the building at two points. There are direct means of ingress to and egress from the building to the vacant lots by three doors in the building. There is also a driveway from Jacoby Street into these lots, which has been used to deposit and pick up supplies, the trucks loading and unloading at a loading platform, which is against the westerly side of the store building.
In September 1959 the Maplewood building inspector, who is expressly charged in section 11 of the municipal zoning ordinance with enforcing its provisions and those of the building code, inspected defendant's property. He was accompanied by the fire chief and by a captain of the Police Department. He noted that storage sheds or bins, measuring about 5 feet in width by 8 feet in height and 50 feet long, had been erected on the vacant lots some short time before without any building permit. (The complaint under review is not concerned with defendant's failure to obtain a building permit.) These shelf-like bins were used for the storage of iron pipe and fittings. Large quantities of 4-inch cast iron pipe and one or two 275-gallon oil storage tanks were openly stored on the vacant lots. These supplies were part of defendant's business inventory, increasing and diminishing from time to time as sales were made.
As a result of this inspection the building inspector, by letter of September 15, 1959, admittedly received by defendant, notified the Tanen Plumbing Supply that, while the use of the building at No. 1505 Springfield Avenue as a store or shop for the conduct of a retail and wholesale supply business was permitted, the use of the exterior vacant lots violated the terms of the zoning ordinance and must be discontinued, and directed that the storage bins be removed.
On November 2, 1959 defendant conferred with the building inspector, explained the delays in trying to comply, and indicated that he needed an additional 30 days to try to *85 bring his operation into the demanded compliance. When further examination of defendant's property on December 2, 1959 revealed that the conditions were the same, the building inspector filed his complaint the next day in the Maplewood Municipal Court, as first noted above.
There is no contention that the defendant's wholesale and retail business, as such, violates the ordinance, or that the defendant used more than 50% of the floor area of the building, or of the adjacent vacant land, for the temporary storage of goods sold in the business.
Hence, the issue narrows to whether defendant's open storage, pending sale, of business supplies on the vacant, enclosed land adjoining his business building, is a violation of the ordinance.
A municipality has a right to control the use of vacant land by a zoning ordinance. Garrou v. Teaneck Tryon Co., 11 N.J. 294 (1953). The creation of separate zones, with varying limitations upon permissible uses in each zone, is valid, if reasonable. No challenge is made in the instant appeal as to the reasonableness of the classification. Rather, the argument is centered upon the meaning of the zoning provision and its applicability to the facts of this case.
Thus, the defendant contends that the word "premises" in section 9, paragraph 1, means a building and the land surrounding it, if used together as an integral commercial unit. He argues therefrom that the ordinance, allowing "premises" to be used as a store or shop for a wholesale and retail business, includes both the building and the surrounding land. In Black's Law Dictionary (4th ed. 1951), "premises" is defined as:
"Lands and tenements; an estate; land and buildings thereon * * *. The area of land surrounding a house, and actually or by legal construction forming one enclosure with it. Ratzell v. State, Okl. Cr. App. 288, [228] P. 166, 168."
The word "premises" is of broader comprehension than the word "building." It may mean land alone or land with *86 buildings or appurtenances. In City of Newark v. Lippmen, 13 N.J. Misc. 248, 177 A. 556 (Crim. Ct. 1935), the court stated:
"The word `premises' has been defined as `the land with its appurtenances.'"
In Ford Motor Co. v. N.J. Dept. of Labor and Industry, 5 N.J. 494 (1950), the court defined "premises" as:
"the property conveyed in a deed; hence, in general, a piece of land or real estate; sometimes * * * a building or buildings on land."
This definition is cited in Reinauer Realty Corp. v. Nucera, 59 N.J. Super. 189, 199 (App. Div. 1960), where the words of the zoning ordinance requiring interpretation were:
"No building or premises shall be used * * * for any of the following * * * uses:

* * * * * * * *
28. Petroleum, storage in excess of 200,000 gallons."
It was held that "a construction which will render any part of a statute or ordinance inoperative, superfluous or meaningless is to be avoided." Citing State v. Sperry Hutchinson Co., 23 N.J. 38 (1956); 2 Sutherland, Statutory Construction, sec. 4705, p. 339 (1943). The court then said:
"As here employed, `premises' is used in the primary sense and connotes a piece or tract of land. It follows that the storage, whether in one or more tanks, of more than 200,000 gallons on any single tract of land is proscribed."
The Reinauer case refused to accede to the view of the identity of the meaning of "building" and "premises," because on that view the ordinance need only have provided that "no building may be used." This would render superfluous the reference to "premises." The plaintiff had argued that the zoning prohibition applied solely to the use of buildings *87 and not to land. But the court concluded that "building" and "premises" are not necessarily synonymous.
It appears, therefore, that the word "premises" has here a debatable and ambiguous meaning. Maplewood argues that it means vacant "land" alone. The defendant contends that, in this factual context, it means "land with the building and appurtenances thereon." "Premises" has not been defined in this ordinance. However, in section 3, when the municipal authorities intended to refer to "land" alone, they used the word "land." If only vacant land was intended by the use of the word "premises" in section 9, paragraph 1, as Maplewood now urges, the clearer and simpler word "land" could have been used as in section 3. The fair inference is that the word "premises" in section 9 was not intended to be so narrowly construed, as necessarily synonymous with "land" alone in any factual context. Nor is it synonymous with "building" alone, as our court pointed out in Reinauer Realty Co. v. Nucera, supra, in construing the expression, "no building or premises," for that would make the word superfluous. Such a construction is to be avoided.
We adopt the view that the word "premises," in the expression "no building, structure, or premises," (emphasis added) is of broader comprehension than either "building" alone, or "land" alone, as applied to the fact situation before us. We interpret "premises," as applied here, to refer to the entire unit or tract of land described in the single deed to Drew Motors, Inc. and leased by that owner in a single lease to the defendant, or his corporation, inclusive of the building thereon. Such an interpretation makes vacant land if held and used alone, as well as a tract of land with a building on part thereof in a business district, "premises" subject to section 9, paragraph 1 of the zoning ordinance, and usable for the limited purposes expressed therein.
Since "premises" embraces the building and surrounding land, as held and used, it remains to be determined whether the land outside defendant's building may be used as incidental to and in conjunction with the permissible *88 business use of the building as "a store or shop." May "a store or shop" also encompass a small parcel of land adjacent to the store or shop, to which there is ready access from the building, this land being enclosed by a fence attached to the building and the entirety used as a commercial unit for retail or wholesale purposes? In our judgment, it may. In the absence of clear language expressly prohibiting the open display of the merchant's wares outside his store building, in an enclosed area on his store "premises," the temporary deposit of such goods for sale is incidental to the conduct of his store or shop. It is, accordingly, a permissible use of the land.
The following authorities show that the word "store" has a broad meaning in the United States as "any place where goods are kept for sale, or are sold," and includes land appurtenant and outside facilities as well as a building: 83 C.J.S. pp. 101-103; 60 C.J. 117(2); Webster's New International Dictionary; Folkes v. State, 63 Miss. 81, 84 (Sup. Ct. 1885); Municipality of San Juan v. Porto Rico Coal Co., 28 Puerto Rico 245, 247 (Sup. Ct. 1920); Gunther, et al. v. Atlantic Refining Co., 277 Pa. 289, 121 A. 53, 54 (Sup. Ct. 1923); Toms v. Williams, 41 Mich. 552, 2 N.W. 814 (Sup. Ct. 1879); Craig v. Pattison, 74 Miss. 881, 21 So. 756 (Sup. Ct. 1897); Jackson v. Lane, 142 N.J. Eq. 193, 208 (Ch. 1948).
Vegetable stores with their outside bins piled high with fruit and vegetables; flower shops with their exterior displays of Easter lilies and Christmas plants; hardware stores with their outside garden tools, motorized lawn mowers, and boats; department stores with their exterior patios on which summer furniture, large umbrellas, and hammocks are set out for display; and the country-style store in our rural areas, on whose front porch and surrounding area one might find numerous articles for sale, from potatoes and cordwood to chickens and antiques  are but a few illustrations of the fact that "a store or shop" is not necessarily confined to the interior of a building, but extends often in popular contemplation *89 to a reasonable amount of exterior, adjacent land. New and used building material supply businesses, comparable to defendant's establishment, with outside storage and display of inventories incidental to the conduct of the business, are not at all uncommon.
For five years prior to the municipal complaint in 1959, the defendant used the land alongside his building for the temporary deposit of his goods pending sale with the tacit approval of the authorities. While long continued violation of an ordinance will not ripen into a prescriptive right, the permissive use over such a long period is some evidence of a policy of interpretation consistent with that of this court.
Penal and restrictive laws and ordinances must be strictly construed. All doubts as to their applicability must be resolved in favor of a defendant charged with violation thereof. It is offensive to fundamental concepts of justice and violative of due process of law, as a matter of substance to impose sanctions for violations of laws, whose language is doubtful, vague, and uncertain. Zoning limitations on the use of private property should be clearly and expressly imposed, and should not be left to inference. Hrycenko v. Board of Adjustment, Elizabeth, 27 N.J. Super. 376, 379 (App. Div. 1953). As stated in Jantausch v. Borough of Verona, 41 N.J. Super. 89, 104 (Law Div. 1956), affirmed 24 N.J. 326 (1957):
"* * * the legislative power must be exercised by the municipality itself; it may not ask the courts to write a better or a different ordinance. And it should speak clearly * * * especially in view of the predicament of the citizen who seeks in good faith to utilize his property."
See also, Schack v. Trimble, 48 N.J. Super. 45, 53 (App. Div. 1957), affirmed 28 N.J. 40, 54 (1958).
If Maplewood wishes section 9, paragraph 1, to mean other than our present interpretation thereof, if it wishes to prohibit the open display of merchandise for sale outside a store *90 building on the land immediately adjacent thereto, it should make suitable amendment to its zoning ordinance and express its meaning clearly. Conviction for violation of law or ordinance may not properly be grounded on vague and debatable verbiage. We do not imply any view whether defendant would have a protected non-conforming use in the event of such an amendment.
We are resolving the doubt as to the ordinance's applicability to defendant's conduct in favor of the defendant. The conviction is hereby set aside and his fine of $50 and $8.50 costs will be remitted to him.