## In Re: Appeal of Prime-Trevose Enterprises, Inc.

*George Luskus*, for appellant.

*G. Roger Bowers*, for appellee Bensalem Zoning Hearing Board.

*Emil F. Toften*, for appellee Bensalem Township.

RUFE, *J.*, April 13, 1984—Appellant, Prime-Trevose Enterprises, Inc., owns the property known as the Hilton Inn located at the intersection of Route 1 and Old Lincoln Highway, Bensalem Township, Bucks County, Pa.

A fur sale was conducted at the Hilton Inn on January 14, 15 and 16, 1983, in a section of the banquet hall known as the Oak area. The space was rented to the Burns and Burns Fur Company for this sale. The fur company leased a 1,000 square foot portion of the banquet facility which was totally enclosed by partitions.

On January 19, 1983 the Bensalem Township Zoning Officer cited the Hilton for violations of Sections 807, 820 and 824 of the Bensalem Zoning Code because of the January 14, 15 and 16, 1983 fur sale.

The Hilton Inn is located in an area designated as a Commercial "H" (CH) District.

A hearing was held before the Bensalem Township Zoning Hearing Board on March 1, 1983. The board upheld the zoning officer's citation of appellant's fur sale on April 5, 1983. This appeal followed.

Our scope of review is limited to a determination of whether or not the governing body abused its discretion or committed an error of law. Doran Investments v. Muhlenberg Township Board of Commissioners, 10 Pa. Commw. 143, 309 A.2d 450 (1973).

We find that the Bensalem Township Zoning Hearing Board committed an error of law in upholding appellant's citation.

First, the Bensalem Zoning Hearing Board found that the "transient sales" permitted by appellant are a violation of Section 807 of the Bensalem Township Zoning Ordinance. Section 807 deals with areas designated as Commercial "D" (CD) Districts. The

Hilton Inn is located in an area designated as a Commercial "H" (CH) District. Therefore, Section 807 does not apply to the Hilton Inn.

Secondly, and more importantly, the Bensalem Zoning Hearing Board found that appellant violated Sections 821 and 824 of the Bensalem Township Zoning Ordinance.

Section 821 states:

"Use Regulations: A building or buildings may be erected and used, and a lot may be used and occupied in this district for any of the following purposes, in any combination:

4. Accessory business, commercial and professional uses; accessory recreational uses, including but not limited to swimming pools, marinas and golf courses used for the residents of the apartments and their guests; and subject to all of the regulations set out below."

Section 824(2)(d)(bb) states:

"Commercial Uses: Sales at retail, separately or in combination in completely enclosed stores or shops on the premises, and dealing directly with the consumers: apparel, confections, drugs, flowers, foods, gift shop goods, greeting cards, jewelry (including watch repair), reading materials, tobacco goods, and variety store goods. Also beauty shop, barber shop, custom tailoring or dressmaking, laundry and/or dry cleaning pick-up agency (provided that no laundering and/or dry cleaning shall be done on the premises), restaurant, and soda or ice cream fountain."

Section 824(2)(d)(cc) states:

"Accessory Uses: Customarily incidental to any of the above permitted uses; provided however, that the accessory use does not occupy more than 10% of the area of the main use, and does not include open air storage of any materials."

The zoning hearing board determined that under Section 824(2)(d)(bb) of the Bensalem Zoning Ordinance the "transient" sales that took place in this action did not occur in a completely enclosed store or shop (Zoning Hearing Board decision page 4). The zoning hearing board further found that Section 824(2)(d)(bb) implies permanence in referring to stores or shops and the sellers of furs in this case are "transient" sellers (Zoning Hearing Board decision page 4).

We find that reading Section 824(2)(d)(bb) in conjunction with the definition of store or shop as found in Pennsylvania case-law[1] and as found in the various editions of Webster's Dictionary cited by counsel, leads to the conclusion that the "transient" sales of furs at appellant's Inn are not prohibited by Section 824(2)(d)(bb).

Section 824(2)(d)(bb) does not specifically prevent nor specifically address sales of the nature presently before us. In fact, Section 824(2)(d)(bb) does not define the terms "shop" or "store" or "completely enclosed." The terms of a zoning ordinance must be given their plain and ordinary meaning. Lake Adventure, Inc. v. Zoning Hearing Board of Dingman Township, 64 Pa. Commw. 551, 440 A.2d 1284 (1982). Section 824 (a)(d)(bb) does not have one plain and ordinary meaning, its terms are subject to various interpretations and, therefore, it is ambiguous. An ambiguity or conflict in a zoning ordinance should be resolved in favor of the landowner. Heck v. Zoning Hearing Board for Harvey's Lake Borough, 39 Pa. Commw. 370, 397 A.2d 15 (1979).

Therefore, due to the ambiguity of Section 824 (a)(d)(bb) of the Bensalem Zoning Ordinance, we

---

1. See Gunther v. Atlantic Refining Co., 277 Pa. 289, 294, 121 Atl. 53, 54 (1923).

find that the decision of the Bensalem Township Zoning Hearing Board must be reversed.

## ORDER

And now, this April 13, 1984, it is hereby ordered and decreed that the decision of the Bensalem Township Zoning Hearing Board is reversed and the citation issued by the Bensalem Township Zoning Officer is dismissed.